THE ATLANTIC SAFE DEPOSIT AND TRUST COMPANY, a corporation of the State of New Jersey, executor of the estate of CHARLES C. BUTLER, deceased, complainant,

*v.*

FERDINAND THOMMESSEN, widower et al., defendants.

[Filed May 29th, 1930.]

*Messrs. Thompson & Hanstein,* for the complainant.

*Mr. John C. Reed,* for the defendants.

INGERSOLL, V. C.

The complainant obtained a final decree in this court for the sum of $17,223.25, together with costs amounting to $310.83. By virtue of the final decree, the sale was made by the sheriff of the county of Atlantic to the complainant for the sum of $100, it being the highest bidder therefor.

A report of the sale of said premises was made thereafter and objection to the confirmation filed by the defendant Ferdinand Thommessen for two reasons: first, that the defendant was ill in bed and unable to attend the sale at the time and place to which it had been adjourned, and second, that the price obtained at said sale was insufficient. The complainant gives notice and moves to dismiss the objections and have an order confirming the sale.

An affidavit is filed by the complainant to the effect that upon the day fixed for the sale, one Rocco F. Delesantro, Esquire, appeared and asked for an adjournment of the same, stating that the defendant had in view a scheme for refinancing whereby he might protect his property against the complainant's decree. The complainant's counsel, although not consenting to the adjournment, made no active opposition thereto, and the sale was adjourned for one week. At that time, the property was offered for sale and the complainant bid the sum of $100 and the same was struck off to him.

I do not take it that the illness of the defendant would be, of itself, sufficient to set aside this sale. He was represented by a solicitor of this court and obtained an adjournment, and the same solicitor, representing John C. Reed, Esquire, solicitor and of counsel for the defendant, appeared before me in opposition to this motion.

During the progress of this cause, the complainant filed a petition praying for the appointment of a receiver, in which it was alleged that the mortgage of the complainant, upon which the decree was made, was subsequent in lien to a first mortgage in the principal sum of $25,000 with interest from April 9th, 1929; a second mortgage in the sum of $15,000 on which interest was past due, and taxes in arrears for the year 1929 amounting to $2,186.52, together with interest thereon.

Upon the application for a receiver, the complainant presented affidavits showing that a fair market value of the said premises was $40,000 and at a forced sale would not bring more than $35,000. The defendants presented proof that for the year 1930 the said property was appraised for the purpose of assessing taxes at $92,000, and also that it would bring at a forced sale from $60,000 to $65,000; and further, that the defendant owned and possessed real estate and other goods and chattels to the value of $100,000 over and above all of his just debts.

Upon this hearing, an affidavit is presented by the defendant that the property is worth not less than $63,000 and "will bring at a forced sale under the hammer at least $63,000."

As expressed by Vice-Chancellor Backes in *Dunlop* v. *Chenoweth, 90 N. J. Eq. 85:* "The sale was conducted fairly, and in all respects according to law. The price was the highest and best that the property would, at the time of the sale, bring in cash, and as this was the only thing to be decided on objections a confirmation was advised. In *Oakley* v. *Shaw, 69 Atl. Rep. 462,* Chancellor Walker (then vice-chancellor) held 'that the only office of a written objection to the confirmation of a sale in foreclosure under the act of March 12th, 1880, and rule 205 (now 218) of this court, is to urge the overthrow of a sale upon the sole grounds that the property did not bring the highest and best price that could be obtained for it in cash, and that an attack upon the sale on any other ground must be made the basis of independent action, either by bill or petition.' This practice rule was accepted with approval by Vice-Chancellor Garrison in *Cropper* v. *Brown, 76 N. J. Eq. 406,* and by Vice-Chancellor Howell in *Koegel* v. *Koegel, 83 N. J. Eq. 179."

It is not necessary to determine whether under the practice the court may refuse to confirm a sale where the bid is so grossly inadequate as to shock the conscience. I have no doubt that it would, in a proper case, but that situation is not before me. The sale was not of a $63,000 property for $100. The sale was made to protect the purchaser's lien of approximately $17,500, subject to the prior encumbrances thereon of approximately $44,000, making a total of over $61,000, and the difference between that sum and the estimated value of the property as proven by the defendant himself is not sufficient to appeal to the conscience on the ground of gross inadequacy of price. In connection therewith, it must be noted that there is no attempt or suggestion on the part of the defendant that a greater bid would or could be obtained if confirmation was refused and a new sale had.

I will advise an order dismissing the objections to the confirmation of the sale.